Good morning. May it please the court. My name is Joseph Moravec, on behalf of the petitioner. Here the board clearly violated 1240, 8 CFR 1240.21 and its own memorandum. The board 1704. That violation concerned substantive rights and prejudiced Mr. Zalaya, leading to his removal from the United States. Under a CARTI, this court should set aside the agency's actions, vacate the board's decision and the IJ's second decision, and remand the agency. So addressing each of those in turn. First, the actual violation. The plain language of the board's, the court's memorandum, 1704, requires that an immigration judge's decision, once reserved to comply with the CAP, grant a cancellation. Let me ask you, it's not altogether clear to me that Judge Holm entered a decision or a final decision. It sounded to me like she was deferring until a date would come and then would enter it. Now, it may be that the normal practice is to enter a decision and then reserve it, but I was looking at the record there and it looked to me like she did not intend to enter a decision at the hearing. At the, what did she say there at the end? At the end she says, I will grant, but I have to reserve it until that visa becomes available. She does, I agree, the record does not contain a written or transcribed decision from Judge Holm, which 1704 required her to do. Well, she doesn't seem to want to, she said I will grant, but she was referring to when it comes time for the date, but she basically said it's, everything I do, right, everything is conditional, and it's telling him he's got to stay out of trouble. And I, I question, I'd like to look at that again, but I'd question whether she even entered a decision at that time. Yes, so the normal process is that an immigration judge has an individual hearing, makes a decision at that time, and says Well, they can, but I mean, the question is whether this immigration judge did. Well, if the court What if the immigration judge in the middle of the hearing says, well, we've got one more witness, the witness is delayed, we'll go to tomorrow, and the judge says, well, let's wait until we get a date, and then we'll hear the last witness. If the judge did that, there would be no question, right? Well, the judge couldn't do that.  The regulation and the memorandum don't create the priority date for the visa until the judge says the hearings are final. I have made a decision whether to grant or deny. I know, but why does the immigration judge have to decide on that date? Can't the immigration judge postpone? No. The regulation requires that the judge make a decision now. Under the old regulation What if the immigration judge doesn't? The immigration judge has to in order to create I said, what if the immigration judge doesn't? In order for the regulation to come into play, and a visa to even start calendaring for the respondent, the judge must decide. If the judge doesn't decide, then proceedings are simply not over. The judge hasn't had enough hearings. Did Judge Hong know at the time that the hearing was being conducted that there was not an available number? Yes. In fact, all judges who operate now know that there are no visas available currently unless somebody is detained. And my recollection is that she also noted that the government was going to note an appeal, future tense, and that when she instructed the petitioner about the need for good behavior, I thought she said something to the effect of, you know, if you mess up again, I'm not going to be the judge who looks at that. Is that correct? Yes. But that prescription to him only applies until that visa becomes available. Once it's available, the regulation and the memorandum require the court's decision to be issued within five days. I understand the argument based on this memorandum, which the government argues is just procedural, but what specific regulation do you say requires this? Yes. So the regulation governing how the immigration court handles the cap is 8 CFR 1240. How the immigration court does what now? How it handles the cap. So the cap is Congress creates cancellation of removal as a form of relief, but says only 4,000 visas are available every year. There are necessarily more than 4,000 cases that the immigration court would like to grant every year, and so there's a backlog. That cap on 4,000, how the agency manages that backlog, that's what the regulation 1240.21 attempts to manage and says those decisions denying cancellation will be issued the day the judge decides. Those people have the right to appeal, go through and handle those cases. If we're going to grant, the judge says I'm going to grant this case, put them in line right now, create that visa number, create that priority date, not just as of the date, but even the time is required, because if somebody was granted in the morning, somebody else in the afternoon, the court wants the specificity of knowing who's in what order. So is it your view of the regulation that once the initial IJ had the hearing and indicated that they would likely grant the withholding of removal, that that gave the petitioner an irrevocable right to have the number accorded and the withholding of removal granted? Yes and no. It gave him an irrevocable right to that priority date. That date began on the day she made the decision. He does have an irrevocable right of these, the regulation and memorandum being enforced. Once the court knows that that visa is now available to him, he has met his burden. As to every element, the court then has a constitutionally available visa to him and then is required by its own policy to issue that decision within five days. Does that policy apply to new IJs? Yes. I thought section 9 applies to new IJs and not section 7. Why does it apply to new IJs? Section 6 and 7 apply to the five-day requirement that they review and issue a decision. Section 9 says a new judge can make a different decision, but it's silent as to the timing. Right. But section 8 says and confirms. So a new judge here did make a different decision, correct? And section 9 also says that the new IJ must familiarize themselves with the record, correct? That's correct. And that's what the board says here. And here is the record 1,000 plus pages? That's correct. How is an IJ, the newly assigned IJ, supposed to familiarize themselves with that sort of record with all the other work they have within five days? That's probably why the section on newly appointed IJs doesn't have a five-day requirement. I would say no, and for a few reasons. First, section 8 makes clear that the court administrators create a system where these deadlines are supposed to be adopted regardless of the procedural manner in which it comes before the court. This is supposed to be issued. You said what, section 8? Section 8, that they are drafted with the deadline stated in the OPM document regardless. So that's one. Two, the five-day deadline isn't reviewed here for reasonableness. The five-day deadline is imposed because that's the requirement the agency imposes on itself, and it reflects this extreme form of relief. So under the facts of this case, I take it your position is that based on the language of the first IJ's opinion, you've already told me you consider that to be an irrevocable right, but that IJ is not there anymore, so you have a new IJ. So under your theory, then, section 9 simply doesn't apply? Section 9 does apply. It's an irrevocable right as to that priority date. It's not an irrevocable right as to the ultimate decision. I'm not saying that if a new judge was assigned properly within the proper time. If that's the case, what's wrong here? Okay. So on January 13th, that's when the immigration court knows that a visa is available and the background checks are clear. At that point, Mr. Zelaya has met his burden as to all the elements that are required, and the immigration court's self-imposed deadline says we have five days to issue the decision, which should already exist. The newly assigned judge at that time has five days. Reasonableness aside, the agency has determined we have to issue this decision within five days. But hadn't he obtained a new criminal charge by the time that the number came up? Yes, and so that's where we get into this. The problem here is that the immigration court did nothing as of January 13th. That five-day timeline doesn't run. It's not assigned to an immigration judge. Two months later, the Department of Homeland Security realizes he has this charge, which fell well outside of these timelines. They move to recalendar, and the assistant chief immigration judge at that time says, wow, we realize this change. We'll recalendar and start this process over again. But if they had followed the procedure and required that in five days that decision be issued, reviewed or not by a new judge, that should have occurred by January 19th, 2023. Let me ask you, go back to my question. I've got the transcript here in front of me, and the very last line of the court, this is Judge Hong, goes through and basically says, I'm going to go along with you. Basically, I'm going to give you a chance. You're going to have to stay out of trouble. And I may not be around when the decision is issued, basically. But you're going to have to stay out of trouble. And then she says at the end, proceedings are continued until a cancellation number becomes available. Now, it sounds to me like she never got to the decision. And so my question to you earlier was your only response is she was required to do a decision. But what if we conclude she didn't? Yes, so, Your Honor, what I'm suggesting is the fact that the visa number was created for him, that he was placed into that queue. Now, I want you to help me construe what Judge Hong was doing. Yes, that's what I'm saying is exactly what she did. She had to have made a decision because the visa was created. I know she had to. You're telling me the regulation, but she did not think she had to make the regulation. She basically kept talking conditionally. And she talked about how he's going to have to stay out of trouble to get his relief and that there may be a different judge. And she said this is very much in your hands right now, okay? If you want to stay here with your daughter or whatever, you're going to have to not get into further trouble with the law because for her sake, and I wish you the best of luck, proceedings are continued until cancellation number becomes available. Until that number becomes available. And she also said a different I.J. would not be likely to grant his application. If he got into trouble during the relevant period of time. The question isn't whether he got into trouble three months after the court was notified that the visa was available. Between the time that she made the decision to grant. I understand. I'm trying to start with a hypothetical you're unwilling to accept. The hypothetical is if she did not make a decision. You said she was required to, but it looks to me like she was very tentative. And what if I construe that to mean she did not make a decision? What is their status now? Yes, I understand the hypothetical. What I'm saying is it's not an impossible because the regulation just requires it. The fact that a visa number was created, that can only happen when she made a decision. Therefore, she did make a decision. She put in for the number. That means she made a decision. You can't put in for a number without a decision either way. There had to have been a decision. Let's assume this. She did not make a decision, but she put in for the number and continued the hearing. The hearing is still open according to her. It's unlawful. Okay, so now what do we do? You have to correct that violation. That's what this court is here for. How are we correct it? We can't make Judge Hong's final decision for her. No, you can vacate the board's acceptance and send it back to the agency. The board simply says this regulation is not binding on us. That's their defense. You send it back to the board now. If that's the relief you want, we can do that. And if we do that, he's not going to get relief. Well, he is going to get relief. And that's what I've asked this court for and what I would ask the board on remand for. You want a gotcha. In other words, up to five years or four years or whatever, he stayed out of trouble. And then a few days after the four years were up, he got into trouble, but there's still no decision. Now you want a decision made as of the four years and not the full history of the thing. Absolutely. That's what the law requires is that his visa was available, he had met every element, and on that particular date. I don't see how we get that out of the regs and how we create that kind of manipulation.  Well, I'll step back through. So the regulation requires that these decisions, when a judge is going to grant and indicate. . . But you have to start with the proposition that she went after the number without having made a decision. I have to start with the proposition that in order to get the number, she had to have decided she would grant and entered that decision into the court system. What is the mechanism for getting a number? It's just, what, an email or a phone call or what is it? So that is an internal procedure. It's internal, but what does she do to get the number? My understanding is she communicates that to the court administrator. Okay, so she communicated to the court administrator, we're waiting for a number. She would have to communicate, we're waiting for a number because I'm choosing to grant. She didn't say that. She says, I've heard this case, we're now waiting for a number. And they granted her, they gave her a number, right? No, she says the words grant, I will grant this case. That's in her statement. I understand that was her intention, but she clearly did not intend at that moment to enter it. No, she intended it for it to be granted. She continued the hearing and she said it's up to you, basically telling him that whatever she does is contingent because her call was a very close one, she said. Yes. It's contingent on that visa becoming available, and then once that visa is available, that decision that she's made to grant is entered. That occurs on January 13th. So under your view of the case, I take it you think that once this first IJ says I'm inclined to grant this, at that point there's an irrevocable right to get the number and mandate a decision with five days of the number. Yes. So her discussion after that, that continuing this, you have to stay out of trouble, all that becomes irrelevant? No, it's relevant, and that's what footnote six of the mandoranum contemplates, is the Department of Homeland Security runs background checks when that visa number is available, and if they determine there's additional criminal history, they can recalibrate it and decide. That was done here. The Department of Homeland Security says on January 13th, 2023, there is no relevant new criminal history. Go ahead and issue your decision. The relevant time here for Judge Hong's decision, her admonition to stay out of trouble, exists from the time she says I'm going to grant until the time that visa becomes available. What's the purpose for granting the new judge additional time? There's no additional time granted to a new judge. You simply have to have a judge enter that order at the time that visa is available, so it can be assigned to a new judge, they can review that decision. There's a requirement that the judge familiarize themselves with the record. Yes. It's very clear, and I want to make this point to the court, the agency did not disagree with Mr. Zelaya's construction of 1704, as far as the timelines that we are arguing are concerned. The board did not say that new judge doesn't have to make a decision within five days, they have a reasonable or open amount of time to familiarize themselves with the record. What if we conclude then, in this case, a decision wasn't made, and the number was requested erroneously because she did not sufficiently communicate the fact she had not made a decision? What's that lead to? If the court were to find she . . . If we conclude that she did not make a decision, and that she was not entitled to request the number because she had not made the decision, but she nevertheless requested the number and it was given, now what's the status? I would say that that's not reflective of the record before the court. That isn't accepting my hypothetical, that's rejecting my hypothetical. My hypothetical is she did not make a decision, and she knew she didn't, but she requested a number, and the number was issued. I guess to the court's hypothetical, that would require an additional layer of unlawfulness by the agency. It wouldn't obviate the second layer of unlawfulness. Why don't you answer my question? What happens if we were to conclude she did not make a decision, and she requested a number improperly, as you point out, because she didn't make a decision. She's supposed to only request a number after she makes a decision. And she requested a number nonetheless, and the number comes, and there's still no decision. No decision is made when the number comes. What do we do now? You should vacate the board's decision. You should vacate the IJ's decision, Judge Choi's second decision, and remand it to the agency so a decision could be made as of January 13th, or January 19th, five days after the visa became available to him. Under either hypothetical, that's the result. Under that circumstance, then there would be no consideration of this later criminal act? No. Okay. Okay. I think we understand. Sort of involved here with the internal operations under these procedures. All right. Mrs. Aldana. Good morning, Your Honors. May it please the Court. Sir Aldana, on behalf of the Attorney General. You keep your voice up? Yep. The government asks the Court. Am I going to move the mic? Is this better? We're across the room. Okay. You're about 25 feet from yourself. The government asks the Court to deny the petition for review as OPPM 1704 is not binding, and the agency did not violate its own regulations or procedures. Is that as loud as you can speak? I can go louder. You can speak louder than that. Okay. Petitioner's arguments regarding the plain language of OPPM 1704 are premised on misstatements of that memo. This case was a reassignment case, and so, therefore, section nine, page five of the memo would apply. And the reassignment process has no timeline, no deadline, as well as the review process for the newly assigned immigration judge has no timeline or deadline. Additionally, petitioner . . . The opposing counsel says, as I understand his argument, that once this number became available and the first judge was no longer there, that whoever the new judge appointed was, they had to make this, enter this order within five days regardless. That's how I understand their argument. Correct. And that's what we're saying is a misrepresentation of the memo. That five-day instruction is for the original drafting immigration judge. If we look to section . . . In section seven. And section nine is what applies to the newly appointed immigration judge. Is that what you're saying? Correct, Your Honor. And that section does not have a five-day requirement. That's correct. And, in fact, it says when a number becomes available, then a new immigration judge will be assigned. So the reassignment process begins once the number becomes available. Well, opposing counsel said that that original I.J. couldn't request a number if she had not made a decision. That's correct. What's your response to that? What happened there was that the original immigration judge reserved her grant, putting this case into a queue. However, that decision was never issued. So she did make a decision. It's a preliminary grant. To grant, and that's how she got the number. Correct. And then it was put into a queue, but that doesn't mean it's the end of things, correct? That is not the final order from an immigration judge because, as the memo states, a new judge is not bound by the initial judge's decision. Right, and that's why the initial I.J. said, in fact, a newly appointed I.J. may not grant your application, so you better stay out of trouble. That's correct, Your Honor. So if the first immigration judge was still on the job then and the number became available, would your position be that, in this case, it's a female immigration judge, that she would have to have entered a decision within five days? I would say it's an instruction, but it's not a mandate. It's not binding on the immigration judge or the court administrators. If we look to the language, it says the judge, once the number becomes available, the judge will revise the decision if necessary. It's not a must. So I would say, in general, overall, the memo itself is not binding. It's just internal instruction for court staff and administrators on how to handle reserve decisions and make sure that they're keeping track of them so that they're not lost in the shuffle, so that they aren't being held reserved in perpetuity. So is the government's view that this 1704 is purely an internal operating mechanism and that it's not legally binding on anybody? That's correct, Your Honor. And, in fact, various other circuits have held that the OPPMs, including this one, are not legally enforceable. They do not create any substantive rights. They don't provide any protections or remedies. So if we agreed with your proposition, the case would be over? That's correct, Your Honor. Regarding petitioner's contentions that the Carde doctrine applies for the same reasons it doesn't apply, nor was there prejudice here. DHS, on several occasions, stated that they wanted to reserve appeal. Well, the prejudice is hard to argue because the prejudice is he claims that if the decision was made in January or February before he had his last violation, he would have gotten relief. Well, his last violation was in February. Well, then, in January, when the number came up? Well, we don't know when the number came up. The record isn't clear. Petitioner is alleging that DHS providing new background checks was an indicator that a number was available. But if we look to the memo on page three, page three, section four, it states that OCIJ gives notice to the immigration judges that number becomes available, not DHS. So just because DHS ran a background check doesn't mean that the number came up. Does the record show when the number came up? No. That's not clear. Why did they reschedule it? Because DHS ran background checks again and determined and found the new criminal violation. So DHS ran their initial background check. It could have been that OCIJ advised them. Do they run background checks before they get the number? That's correct. If it's coming up in the queue, they'll run the background check so that the case is ready to be issued once it comes up. However, the primary issue or the point there is that DHS does not give notice to the immigration judge. It's OCIJ. So even the background checks on January 14th would not trigger this five-day instruction anyway. Has any court, to your knowledge, concluded that 1704 is enforceable by? The Ninth Circuit concluded that it wasn't legally enforceable. That it was not? That it was not. 1704 specifically. Is that the only circuit to have addressed it? This specific one, yes. But other circuits have addressed various other different OPPMs, and they all come to the same conclusion that it's not legally enforceable. So you don't know of any exception to that then? No, Your Honor. Anything further? No, if there are no further questions, the government asks for a denied petition. All right, Mr. Moravec. How do I pronounce that? Moravec? Moravec, Your Honor. Moravec, I'm sorry. I apologize. It's all right, Judge. I recognize we both have last names that people sometimes find mispronounced. If I start with the first syllable, I should be okay. Thank you, Your Honor. To address a few things. First, factually, the visa was available on January 13th, 2023 in the department. I recognize DOJ maintains that queue, but they tell DHS we need to run the background checks because the visa is available. In their motion to recalendar, they acknowledge that they told the court, they acknowledged the visa was available and background checks were clear as of January 13th. Where is that in the record? That's in the record with the motion to recalendar, the March 28th, 2023 motion to recalendar from DHS. Second, there's no rule that internal memos are not binding on the court. The test that comes from a party and the following jurisprudence. Why should we make them bind? In other words, there are all kinds of levels of procedures that institutions adopt. And some of them may be just bulletin board notices. Some may be letters. Some may be manuals. And some may be regulations. It seems to me that we have to draw a line somewhere as to what is an enforceable law and what's just an internal operating procedure which would not give others the right to enforce them. Sure. The Supreme Court makes this distinction between general housekeeping procedures of agencies that they're not going to enforce versus regulations, procedures, policies that invoke substantive rights. And in this case, the right to due process, the right to have these policies. This one wasn't a due process, right? This was how to coordinate the 4,000 case limit with the ordinary docket of deciding cases. I have to disagree. And it sort of integrated administratively internally how they were going to do that. No, I have to disagree. And I would point the court to the preamble of the proposed final rule when the agency adopted this rule. It said, quote, an applicant who is advised the applicant's case is reserved because the applicant's case has not been denied would now have greater certainty in knowing the applicant likely will be granted cancellation. That creates reliance interest in these cases being told that they are granted. Do you have any case that has taken these procedures and made them enforceable? No, but the D.C. Circuit in Steinholt, which we cite in the brief, says that it deals with a case where there is a memorandum. The court acknowledges that memorandums can be enforceable, but in that particular case, it wasn't enforced because there was no prejudice, as this court suggested there is. The D.C. Council says there's a Ninth Circuit case in the committee I haven't read that considers this very memo and says that it's not binding. It does do that, Your Honor, and the court can read it in about 10 seconds. Is that decision wrong? No, the opinion is unpublished. It's about three paragraphs long, and footnote one of Laura says we do not consider whether or not the memo raises substantive, addresses substantive rights. They simply sidestep the question I'm asking the court to consider here, and so it's not applicable. Moreover, all of the Justice Department memos that are published by DOJ ordinarily contain. Not to belabor this, but you think the Ninth Circuit decision is correct? I don't know. It's unpublished. It doesn't have any recitation of the facts at issue there. I can't say one way or the other. How about we're told that other provisions of the OPPM have been held not binding? So a few things. All of these OPPM documents, they're publicly available, and almost every single one, and I've gone through as many as I could tolerate going through, they contain a provision at the end, usually, that says some kind of disclaimer that says this OPPM document does not create any substantive or enforceable right. That's a notice to people who read it. You can't enforce it. This memorandum, 1704, contains no such provision. It falls 15 days after the regulation was adopted through notice and comment rulemaking, formal rulemaking, and reflects agency interpretation of that regulation going back more than 20 years. This is the standard practice. It is enforceable because the memorandum doesn't contain that language, and it reflects reliance interests in a substantive right. And therefore, Mr. Zelaya has the benefit of that being enforced that on January 19, 2023, a decision should have been made in this case. Because it wasn't, the prejudice falls, and as the court agreed, that prejudice is hard to argue against. The proper remedy here is to vacate the board's decision and send it back to the agency. Okay. Thank you.  We'll come down and greet counsel and then proceed on to the last case. Thank you.
judges: Paul V. Niemeyer, G. Steven Agee, Stephanie D. Thacker